UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

In re:

Diane Cheryl Spreadbury,

Debtor.

Case No. 08-14288-SSM
Chapter 11

**MOTION BY DIANE SPREADBURY FOR AN ORDER (I) REINSTATING THE AUTOMATIC STAY, (II) VOIDING THE ACTIONS TAKEN IN THE DIVORCE PROCEEDING, AND (III) SANCTIONING PETER SPREADBURY FOR WILLFULLY VIOLATING THE AUTOMATIC STAY**

Diane Spreadbury ("Ms. Spreadbury"), by counsel,[1] files this motion under §§ 362(a) and (k) of the Bankruptcy Code requesting the Court to enter an order (i) reimposing the automatic stay, (ii) voiding the actions taken in Ms. Spreadbury's divorce proceedings in Fauquier County, Virginia relating to the equitable distribution proceeding, and (iii) imposing sanctions against Peter Spreadbury for violating the automatic stay. In support of the motion, Ms. Spreadbury states the following:

### JURISDICTION AND VENUE

1. On July 21, 2008, Ms. Spreadbury filed her voluntary petition under chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Eastern District of Virginia (the "Bankruptcy Court") initiating the above-captioned bankruptcy case.

2. The Bankruptcy Court has jurisdiction over this matter in accordance with 28 U.S.C. § 1334(b).

3. Venue is proper in accordance with 28 U.S.C. §§ 1408 and 1409.

---

[1] Ms. Spreadbury will file a motion to substitute McGuireWoods LLP as her bankruptcy counsel in this case.

4. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

5. The statutory predicate for the relief requested is §§ 362(a) and (k) of the Bankruptcy Code.

### BACKGROUND

6. On or about May 21, 2004, Ms. Spreadbury brought an action (the "Divorce Action") for divorce against Peter E. Spreadbury ("Husband") in the Circuit Court of Fauquier County, Virginia (Chancery No. CH04-125) (the "Circuit Court").

7. On or about May 8, 2008, the Circuit Court entered an order imposing sanctions against Ms. Spreadbury for allegedly failing to respond to discovery requests. The Circuit Court order provided that Ms. Spreadbury shall not be permitted to oppose the claims or defenses of Husband and that Ms. Spreadbury shall not be permitted to introduce any evidence whatsoever relating to any of her claims against Husband (the "Sanctions Order").[2] A copy of the Sanctions Order is attached at Exhibit A.

8. On or about August 21, 2008, the Bankruptcy Court entered an order modifying the automatic stay to permit the divorce and equitable distribution action currently pending in the Circuit Court to go forward to trial and entry of a final judgment, including any appeals, subject to, among others, the following unequivocal conditions:

> (a) The Sanctions Order shall not be construed or enforced so as to bar the debtor, in her capacity as debtor in possession, from asserting claims and defenses that a chapter 11 trustee could assert on behalf of the bankruptcy estate, including but not limited to, claims under 11 U.S.C. § 544(a); and

---

[2] Ms. Spreadbury vigorously contests the propriety of the Sanctions Order.

2

(b) No process shall issue to enforce any money judgment against the debtor for equitable distribution, and no decree for sale of property in which the debtor has an interest may be enforced, except upon further order of this Court.

(the "Stay Order").

9. On November 10, 2008, the Bankruptcy Court entered an order modifying the automatic stay to permit Michelle E. Spreadbury, Kathryn Kimbel Spreadbury, Andrew Weston Spreadbury, Whitney Weston Spreadbury (collectively, the "Movants"), and Ms. Spreadbury to litigate an action concerning the ownership of real property (*Michelle E. Spreadbury, et al. v. Peter E. Spreadbury, Trustee, et al.,* Fauquier County Circuit Court, Case No. CL08-500 (the "Virginia Action") and to file an accounting in the State of Connecticut, District of Westport, against Ms. Spreadbury as debtor and as trustee of the Spreadbury Family Trust II and against Husband as trustee of the Spreadbury Trust II (The "Connecticut Accounting Action"). In the Virginia Action and the Connecticut Accounting Action, the Movants sought a determination of the actual ownership interests of certain trusts. In the Divorce Action, the Husband asserted that the property in question in the Virginia Action and the Connecticut Action was marital property subject to equitable distribution. The Movants assert that the property in question is trust assets for which they are the beneficiaries.

10. On or about February 20, 2009, the Circuit Court in the Divorce Action issued its opinion regarding the equitable distribution. A copy of the opinion is attached hereto at Exhibit B. On page 4 of the opinion, the Circuit Court stated the following:

> On January 21, 2009, the Husband moved to strike [Ms. Spreadbury's]
> Exhibit List as it was not in conformance with the Sanctions Order. After
> hearing argument shortly before trial, the [Circuit] Court ruled that the

> sweeping nature of the Bankruptcy Court Order had the effect of invalidating the Sanctions Order of th[e Circuit Court]. However thereafter, the Husband filed a proposed stipulation with th[e Circuit Court]. This stipulation represented that the total sum owed [Ms. Spreadbury's] unsecured creditors did not exceed $690,939.58

The Circuit Court noted that the amount of Ms. Spreadbury's unsecured debt was based upon the bankruptcy schedules and the Husband's review of proofs of claim filed with the Bankruptcy Court. The Circuit Court further noted that if those sums should be significantly greater than the amounts set forth, then the argument and analysis contained in the opinion would be subject to review. The Circuit Court continued:

> By this stipulation, [Ms. Spreadbury] would receive [$690,939.58] as a guaranteed minimum distribution in the divorce proceeding before any evidence was presented to the [Circuit] Court. According to the Husband, this stipulation would obviate the concerns of the Bankruptcy Court by protecting unsecured creditors while maintaining the integrity of the [Circuit] Court's previous Sanctions [Order].
>
> * * *
>
> Therefore, the Court stands by its Sanctions Order of May 2008, consistent with the assurances made by the Husband that the rights of unsecured creditors of [Ms. Spreadbury] will be adequately protected herein through the Stipulation. **Thus, the Court held and continues to hold that [Ms. Spreadbury] cannot present evidence in violation of the Sanctions Order** and further that [Ms. Spreadbury], as a result thereof, will be assured as a debtor in possession a minimum distribution of $690,934.58

Emphasis added.

11. Moreover, in the opinion, the Circuit Court awarded the Husband $75,000 in attorney's fees and provided that the attorney's fees may be paid **from the proceeds of sale of certain real property** consistent with the Circuit Court's opinion, but in any event, shall bear interest at 8% per annum, if all or any part thereof is not paid within 60 days from the date of approval of the opinion.

4

## ANALYSIS

A. **PETER SPREADBURY WILLFULLY VIOLATED THE AUTOMATIC STAY AND THIS COURT'S ORDER CONDITIONING THE AUTOMATIC STAY BY FILING THE PROPOSED STIPULATION IN THE CIRCUIT COURT TO PREVENT MS. SPREADBURY FROM INTRODUCING EVIDENCE.**

12. Under § 362(a) of the Bankruptcy Code,

a petition filed under section 301 . . . operates as a stay, applicable to all entities, of –

   (1) the commencement or continuation . . . of a judicial . . . or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case . . . ; [and]

* * *

   (3) any act to obtain possession of property of the estate or of property of the estate or to exercise control over property of the estate.

13. As many courts have observed, the automatic stay is one of the fundamental debtor protections. Not only does it give the debtor a breathing spell from her creditors, but it also protects the debtor's creditors and promotes the goal of equality of distribution by insuring that creditors do not seize assets that would otherwise be available to pay allowed claims in the bankruptcy case or take other actions that would interfere with the administration of the bankruptcy case. S. Rep. No. 95-989, at 49 (1978). Violations of the automatic stay may be addressed under the Bankruptcy Court's civil contempt powers. Burd v. Walters (In re Walters), 868 F.2d 665 (4th Cir. 1989). In addition, Congress has unequivocally provided a statutory right of action to recover actual damages, including costs and attorneys' fees, and in appropriate circumstances, punitive damages. § 362(k), Bankruptcy Code.

14. This Court's order conditioning the automatic stay was clear and equivocal – the Sanctions Order did not apply to Ms. Spreadbury, as debtor in possession. Husband willfully violated the automatic stay in the Divorce Action by attempting to enforce the Sanctions Order against Ms. Spreadbury as debtor in

possession. Husband's actions were an obvious attempt by Husband to circumvent the automatic stay and this Court's order conditioning the automatic stay to the detriment of Ms. Spreadbury's bankruptcy estate. The bankruptcy estate has been severely harmed by Husband's willful violation of the automatic stay and this Court's order, and will continue to be harmed if the Court does not void the actions relating to the equitable distribution in the Divorce Proceeding.

B. **THE ACTIONS TAKEN IN VIOLATION OF THE AUTOMATIC STAY ARE VOID AS A MATTER OF LAW.**

15. Acts taken in violation of the automatic stay are void and without effect. See <u>McCall v. Telerent Leasing Corp. (In re BICC Limited Partnership)</u>, 392 B.R. 209 (Bankr. E.D. Va. 2008) (Tice, C.J.) (concluding that the filing of a suit in violation of the automatic stay was a void act).

16. Here, as noted in the Circuit Court's opinion regarding equitable distribution, the Husband filed two motions in limine in the Divorce Action seeking to prevent Ms. Spreadbury from introducing any evidence whatsoever regarding her property. The Husband did this with full knowledge of this Court's Stay Order. The Circuit Court relied upon the Husband's motion in limine and arguments made at the hearing and upheld the Sanctions Order preventing Ms. Spreadbury from introducing any evidence in the Divorce Action. Such actions violate the automatic stay and this Court's Stay Order and are therefore void as a matter of law.

WHEREFORE, Diane Spreadbury respectfully requests the Court to reinstate the automatic stay, to enter an order voiding the actions taken by Peter Spreadbury and the Circuit Court as violating the automatic stay and this Court's limited order lifting the automatic stay, and to award damages, including costs, attorneys' fees, and punitive damages, against Mr. Spreadbury in accordance with § 362(k) of the Bankruptcy Code.

DATED: Alexandria, Virginia
April 6, 2009

/s/ Kenneth M. Misken
David I. Swan (VSB No. 75632)
Kenneth M. Misken (VSB No. 72207)
McGuireWoods LLP
1750 Tysons Blvd., Suite 1800
McLean, VA 22102
Tel: (703) 712-5000
Fax: (703) 712-5050
dswan@mcguirewoods.com
kmisken@mcguirewoods.com