John F. McGinley Jr., Esq.
Chapter 11 Trustee
McGinley, Elsberg & Hutcheson, P.L.C.
627 South Washington Street
Alexandria, Virginia 22314
Tel: (571) 970-5426
Fax: (571) 970-6333
jmacjrlaw@aol.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| In re: | ) |
| | ) |
| Diane Cheryl Spreadbury, | ) Case No. 08-14288-SSM |
| | ) Chapter 11 |
| Debtor | ) |
| | ) |

**NOTICE OF ABANDONMENT**
**PURSUANT TO 11 U.S.C. §554 AND FED. R. BANKR. P. 6007**

Pursuant to 11 U.S.C. §554 and Federal Rule of Bankruptcy Procedure 6007, John F. McGinley Jr., the Chapter 11 Trustee for the above-captioned Debtor, hereby abandons the interest of the estate in a certain suit, cause and chose in action (the "Abandoned Personal Property"), listed in Exhibit 1 attached hereto.

The Trustee seeks to abandon the property because he has determined that it is of inconsequential value and burdensome to the estate.

Unless objections to the proposed abandonment are filed with the United States Bankruptcy Court for the Eastern District of Virginia (Alexandria Division), 200 South Washington Street, Alexandria, Virginia 22314, and served on the Trustee's undersigned counsel by **no later than August 26, 2011**, the suit and its asserted causes of action (personal property) will be abandoned in accordance with 11 U.S.C. §554, and without further Order of the Court.

RESPECTFULLY SUBMITTED,
JOHN F. MCGINLEY JR., TRUSTEE

/S/        John F. McGinley, Jr.
John F. McGinley, Jr.
McGinley, Elsberg & Hutcheson, P.L.C.
627 South Washington Street
Alexandria, VA 22314
Tel: 571.970.5426
Fax: 571.970.6333
Email jmacjrlaw@aol.com
Counsel for Chapter 11 Trustee

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing Notice of Abandonment was sent by U.S. Mail, first class postage prepaid, on the 12th day of August, 2011 to the parties on the attached Service List and via Notice of Electronic Filing pursuant to the applicable standing Order, where noted on the list, and to Counsel for the Debtor and the Office of the U.S. Trustee.

/S/ John F. McGinley Jr.
Counsel to Chapter 11 Trustee

VIRGINIA:

IN THE CIRCUIT COURT OF FAUQUIER COUNTY

DIANE C. SPREADBURY,  )
1567 Grasshopper Road  )
Huntingdon Valley, Pennsylvania 19006  )
             Plaintiff  )
             v.  )
HOWARD, MORRISON,  )
ROSS & WHELAN, PLLC  )
31 Garrett Street  )
Warrenton, Virginia 20186  )
             and  )    Case No. CL11-226
PAUL A. MORRISON  )
31 Garrett Street  )
Warrenton, Virginia 20186  )
             and  )
ROBERT SHEARER, JR.  )
10603 Judicial Drive  )
Suite 200  )
Fairfax, Virginia  )
             Defendants  )

FILE AT _____ M
APR 14 2011
GAIL H. BARB, CLERK
BY: _____ D.C.

## COMPLAINT
(Breach of Contract - Legal Malpractice)

COMES NOW your Plaintiff, Diane C. Spreadbury, by her undersigned counsel, and respectfully moves this Court for judgment against all three named Defendants, jointly and severally, in the amount set forth herein. In support of her Complaint, Plaintiff respectfully states the following:

1

## THE PARTIES

1. Plaintiff is a bona fide resident of the State of Pennsylvania, residing at 1567 Grasshopper Road, Huntingdon Valley, Pennsylvania 19006.

2. Defendant Howard, Morrison, Ross & Whelan (hereinafter referred to as "HMRW") is, and was at all times relevant hereto, a professional limited liability corporation organized under the laws of Virginia which operates a law firm with offices in Fauquier County, Virginia and which provides legal services to the general public. HMRW's principal business office is located at 31 Garrett Street, Warrenton, Virginia.

3. Defendant Paul A. Morrison ("Morrison") is, and was at all times relevant hereto, an attorney licensed to practice law in the Commonwealth of Virginia and a name partner with and an owner of HMRW who practiced law out of that firm's offices in Warrenton, Virginia. Morrison's principal business office is located at 31 Garrett Street, Warrenton, Virginia.

4. Defendant Robert Shearer, Jr. ("Shearer") is, and was at all times relevant hereto, an attorney licensed to practice law in the Commonwealth of Virginia with offices in Fairfax, Virginia, who practiced law in Northern Virginia, including Fauquier County, Virginia. Shearer's principal business office is located at 10603 Judicial Drive, Suite 200, Fairfax, Virginia.

## FACTUAL BACKGROUND

5. On or about April 1, 2004, Plaintiff retained Defendants HMRW (then known as "Howard, Morrison & Howard") and Morrison to represent her in obtaining a divorce and related financial relief from her then husband, Peter E. Spreadbury ("Husband").

6. On May 21, 2004, Defendants HMRW and Morrison filed on Plaintiff's behalf a

2

Bill of Complaint against Husband in the Circuit Court of Fauquier County, Virginia, Case No. CH04-125. Such Complaint sought, *inter alia*, support and maintenance for Plaintiff and an equitable distribution of the parties' marital property which would entail a determination of plaintiff's separate property rights.

7. Through counsel, Husband filed a Cross-Bill of Complaint on February 16, 2005.

8. On December 8, 2005, the Court entered a *Pendente Lite* Order. After that date, no significant Court action was taken in the case until June 19, 2007, when the Court entered a Scheduling Order setting the case for trial on December 21, 2007.

9. On or about September 4, 2007, Interrogatories and a Request for Production ("Husband's discovery requests") were served by counsel for Husband upon Morrison as counsel for Plaintiff.

10. Morrison forwarded the Husband's discovery requests to Plaintiff who prepared responses to the Husband's discovery requests and delivered them to Morrison's office for finalization. However, due to no fault of Plaintiff, neither Morrison nor HMRW prepared final responses to the Husband's discovery requests.

11. On October 26, 2007, Husband's counsel filed a Motion to Compel Discovery, alleging that no responses whatsoever had been received to the Husband's discovery requests.

12. On November 6, 2007, a Court hearing was held on the Husband's Motion to Compel, at the conclusion of which the Court ruled that Plaintiff's discovery responses were to be served no later than November 20, 2007.

13. Even though discovery responses had been prepared by Plaintiff and delivered to Defendants Morrison and HMRW, no responses to the Husband's discovery requests were

3

served by Morrison or HMRW on counsel for the Husband by the deadline of November 20, 2007. Rather, on November 19, 2007, Morrison wrote a letter to Husband's counsel indicating that, because a settlement agreement had allegedly been reached, Plaintiff did not intend to file the ordered discovery responses.

14. In fact, no settlement agreement had been reached by the parties. While there had been some discussion of settlement terms, Plaintiff never authorized Morrison or HMRW to enter into a specific settlement agreement.

15. On November 29, 2007, at a Pre-Trial Hearing, Defendant Morrison represented to Judge Herman A. Whisenant, Jr., that the parties had settled the case, and based upon that representation the December 21, 2007 trial date was removed from the calendar.

16. In fact, as admitted by Defendant Morrison at a subsequent deposition, Plaintiff had not authorized Morrison or HMRW to enter into a specific settlement agreement with her husband.

17. On January 15 and 16, 2008, counsel for the Husband filed several motions, including a Motion to Schedule Trial Date; a Petition for Counsel Fees and Damages Based on [Plaintiff's] Bad Faith Disavowal of the Settlement Reached; and a second Motion to Compel. The Motion to Compel alleged that no responses whatsoever to the September, 2007 Husband's discovery requests had been received.

18. On February 5, 2008, a Scheduling Order was issued, setting a trial date of June 18, 2008, and a Pre-Trial Hearing for June 4, 2008.

19. On February 21, 2008, counsel for the Husband took a deposition of Defendant Morrison in conjunction with Husband's motions. At the deposition, Morrison acknowledged

4

that Plaintiff had not specifically authorized him to enter into a settlement agreement; that Plaintiff had "dropped off" discovery material to Morrison; and that Morrison had decided not to forward the discovery material to counsel for Husband because he thought the case was settled.

20. On April 1, 2008, the Court held a hearing on Husband's second Motion to Compel. Upon information and belief, at the hearing, Defendant Morrison represented that he had received the discovery materials from Plaintiff but had not had time to "properly assemble the responses." The Court ruled that the responses to the outstanding discovery requests must be served on counsel for the Husband not later than April 11, 2008.

21. On April 3, 2008, Defendants Morrison and HMRW filed a motion to withdraw as counsel for Plaintiff, based upon Morrison being a fact witness on the question of whether a settlement had been reached. Defendants Morrison and HMRW took no actions thereafter to assure that Plaintiff's discovery responses were served upon Husband's counsel.

22. In late March or early April, 2008, Plaintiff retained Defendant Shearer to serve as her new counsel in the divorce litigation.

23. On April 15, 2008, after the most recent deadline for filing discovery responses by Plaintiff had passed, an Order of Substitution of Counsel was entered, allowing Defendants Morrison and HMRW to withdraw as Plaintiff's counsel and entering the appearance of Defendant Shearer as new counsel for Plaintiff.

24. On April 17, 2008, counsel for Husband filed a Motion for Discovery Sanctions based on the failure of Defendants herein to comply with the Court Order of April 1, 2008. The motion was served on Defendant Shearer and was noticed for hearing on May 6, 2008.

5

25. On May 6, 2008, a hearing was held on Husband's motion for sanctions. Defendant Shearer failed to appear for this hearing, and did not notify Plaintiff of the hearing or the nature of the motion. At the hearing, counsel for Husband made *ex parte* representations about the history of discovery failures. On May 8, 2008, the Court entered an Order decreeing, *inter alia*, that "Plaintiff would not be permitted to oppose the claims or defenses of the Husband, nor introduce any evidence to suggest any claims she intended to make against the Husband which were the subject of any discovery requests, and not to introduce any matters into evidence which were the subject of the previous discovery requests."

26. On or about June 16, 2008, Defendant Shearer filed a Motion for Stay of Discovery Sanctions and for Continuance of the July 24, 2008 trial. The motion was duly opposed by counsel for the Husband and, on July 15, 2008, the Court entered an Order denying Shearer's motions and reaffirming the July 24 trial date.

27. On July 21, 2008, Plaintiff filed a petition for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Virginia. Plaintiff was forced to file for bankruptcy as a direct and proximate result of the adverse rulings from the divorce court.

28. On August 21, 2008, the Bankruptcy Court entered an Order modifying the bankruptcy stay so as to allow Plaintiff and Husband to proceed with the divorce case, subject to certain conditions for the protection of Plaintiff's unsecured creditors.

29. On September 16, 2008, the divorce court entered a Scheduling Order setting trial for February 2, 2009, and a Pre-Trial Hearing for December 8, 2008.

30. On January 20, 2009, Defendant Shearer filed an Identification of Witnesses and

6

an Expert Designation with the divorce court.

31. On January 21, 2009, counsel for Husband filed motions to strike all of Plaintiff's witnesses, exhibits and experts based upon the May 8, 2008 Sanctions Order.

32. Trial of the Spreadbury divorce case occurred before Judge Jeffrey W. Parker on February 2, 2009. At trial, based on the prior discovery failures Plaintiff was prohibited from presenting any testimony, exhibits or experts. Among other things, she was prevented from introducing evidence concerning her separate property, concerning her contribution of non-marital property toward the acquisition of marital property and concerning her usage of certain rents she had collected for maintenance and care of the marital residence.

33. On February 20, 2009, the divorce court issued an Opinion Letter disposing of all issues in the Spreadbury domestic relations litigation. The Opinion Letter, *inter alia*, affirmed the sanctions Order of May 8, 2008; awarded Plaintiff a thirty-five percent (35%) interest in the marital home, without regard to Plaintiff's contribution of a substantial amount of non-marital money toward the acquisition and construction of the marital home; awarded the Husband one-half of $415,650 which Plaintiff had received in rental income, without regard to Plaintiff's contention (which she was barred from proving) that she had utilized said funds for the maintenance and care of the marital residence; and awarded the Husband "$75,000.00 in attorney's fees due in large part to the dilatory and abusive procedural actions of the Wife causing unnecessary delay and expense in resolving these matters."

34. On April 16, 2009, the divorce court issued a final Order granting a divorce to Plaintiff and the Husband.

35. Utilizing new counsel, Plaintiff appealed the Order of the divorce court. On April

7

20, 2010, the Virginia Court of Appeals affirmed the opinion of the divorce court in all respects.

## COUNT ONE
### (Breach of Contract - Legal Malpractice - Against Defendants HMRW and Morrison)

36. Plaintiff incorporates by reference the facts and allegations set forth in paragraphs one through thirty-five, *supra*, into this first count of her Complaint.

37. On or about April 1, 2004, an attorney-client relationship was created between Plaintiff and Defendants HMRW and Morrison.

38. Defendants HMRW and Morrison, having agreed to be retained as her attorneys by Plaintiff, had a contractual duty to use that degree of care reasonably expected of other legal professionals with similar skills acting under the same or similar circumstances.

39. Defendants HMRW and Morrison breached their said duty of care by, among other things:

   a. Failing to respond to the Husband's discovery requests after Plaintiff had provided the necessary information and documents to respond, and after having been ordered by the divorce court on two occasions to do so.

   b. Representing to the divorce court and counsel for the Husband that the issues in the divorce litigation were settled, despite the fact that Plaintiff had not authorized a settlement agreement as of the dates of such representations.

   c. Failing to adequately protect Plaintiff's rights to spousal support, to her separate property and to an equitable distribution of marital property.

   d. Failing to adequately protect Plaintiff against an award of counsel fees, an award of one-half the rental income from the marital property, and other sanctions resulting from

8

the failure to provide discovery responses.

40. The aforesaid breaches of the duty of care by Defendants HMRW and Morrison constituted a breach of their obligations to Plaintiff under their contract of employment.

41. But for the aforesaid breaches of the duty of care by Defendants HMRW and Morrison, Plaintiff would have:

    a. Received a more favorable distribution of the marital property, including but not limited to an award of a portion of the marital residence as her sole and separate property;

    b. Received an order recognizing certain property as separate property;

    c. Received an award of spousal support;

    d. Not have had a judgment entered against her for one-half of the rental income from the marital property;

    e. Not have had a judgment against her for $75,000.00 in attorney's fees;

    f. Not been required to file bankruptcy;

    g. Not been obliged to incur approximately $300,000.00 in counsel fees and costs in connection with the bankruptcy proceeding; and

    h. Not incurred attorney's fees for the appeal of the divorce court's final rulings.

42. The breaches of contract by Defendants HMRW and Morrison were direct and proximate causes of the damages incurred by Plaintiff as set forth in paragraph 41.

43. By operation of the legal principle of *respondeat superior*, Defendant HMRW is liable for all damages incurred by Plaintiff proximately caused by the conduct of Defendant Morrison.

9

## COUNT TWO
### (Breach of Contract - Legal Malpractice - Against Defendant Shearer)

44. Plaintiff incorporates by reference the facts and allegations set forth in paragraphs one through forty-three, *supra*, into this second count of her Complaint.

45. On or about April 15, 2008, an attorney-client relationship was created between Plaintiff and Defendant Shearer.

46. Defendant Shearer, having agreed to be retained as her attorney by Plaintiff, had a contractual duty to use that degree of care reasonably expected of other legal professionals with similar skills acting under the same or similar circumstances.

47. Defendant Shearer breached his said duty of care by:

   a. Failing to appear at the divorce court hearing on May 6, 2008, to represent Plaintiff in connection with Husband's Motion for Discovery Sanctions.

   b. Failing to provide responses to Husband's discovery requests after Plaintiff had provided the necessary information and documents to respond, and after Plaintiff had been ordered by the divorce court on two occasions to provide responses.

   c. Failing to adequately protect Plaintiff's rights to spousal support, to her separate property and to an equitable distribution of marital property.

   d. Failing to adequately protect Plaintiff against an award of counsel fees, an award of one-half the rental income from the marital property, and other sanctions resulting from the failure to provide discovery responses.

   e. Failing to direct the court to any evidence outside the scope of the requested discovery, if any such evidence existed.

10

48. The aforesaid breaches of the duty of care by Defendant Shearer constituted a breach of his obligations to Plaintiff under his contract of employment.

49. But for the aforesaid breaches of the duty of care by Defendant Shearer, Plaintiff would have:

    a. Received a more favorable distribution of the marital property, including but not limited to an award of a portion of the marital residence as her sole and separate property;

    b. Received an order recognizing certain property as separate property ;

    c. Received an award of spousal support;

    d. Not have had a judgment entered against her for one-half of the rental income from the marital property;

    e. Not have had a judgment against her for $75,000.00 in attorney's fees;

    f. Not been required to file bankruptcy;

    g. Not been obliged to incur approximately $300,000.00 in counsel fees and costs in connection with the bankruptcy proceeding;

    h. Not incurred attorney's fees for the appeal of the divorce court's final rulings.

50. The breaches of contract by Defendant Shearer were direct and proximate causes of the damages incurred by Plaintiff as set forth in paragraph 49.

WHEREFORE, the premises considered, Plaintiff respectfully prays this Court for its judgment against Defendants Morrison, HMRW and Shearer jointly and severally in the amount of One Million Five Hundred Thousand Dollars ($1,500,000.00), plus pre-judgment interest pursuant to Va. Code Sec. 8.01-382, and all taxable costs.

11

**TRIAL BY JURY IS DEMANDED.**

Dated: April 13, 2011

Respectfully submitted,

DIANE C. SPREADBURY
By Counsel

*[signature]*

Bernard J. DiMuro, Esquire
DiMuroGinsberg, P.C.
908 King Street, Suite 200
Alexandria, VA 22314
(703) 684-4333
(703) 548-3181 (FAX)
bdimuro@dimuro.com

Christopher G. Hoge, Esquire
CROWLEY, HOGE & FEIN, P.C.
1710 Rhode Island Avenue, N.W., 7th Floor
Washington, D.C. 20036
(202) 483-2900
(202) 483-1365 (FAX)
chfcgh@aol.com

## VIA CM/ECF:

Jack Frankel
Office of the US Trustee
115 South Union Street, Suite 210
Alexandria, VA 22314

US Trustee
W. Clarkson McDow, Jr.
115 South Union Street
Alexandria, VA 22314

Valley Drilling Corporation of Virginia
c/o Alan Rosenblum
Post Office Box 320039
Alexandria, VA 22320

Gregory H. Counts
Tyler, Bartl, Ramsdell & Counts, PLC
700 S. Washington St., Suite 216
Alexandria, Virginia 22314
Counsel for Peter E. Spreadbury

Tyler B. Jones
Brice Vander Linden & Wernick
9441 LBJ Freeway, Suite 250
Dallas, TX 75243
Counsel for Washington Mutual Bank

J. Carlton Howard, Esq.
Ritzert & Leyton, P.C.
11350 Random Hills Rd., #400
Fairfax, VA 22030

## VIA FIRST CLASS MAIL:

American Express Centurion Bank
c/o Becket and Lee LLP
Post Office Box 3001
Malvern, PA 19355-0701

Lee D. Caney
Dechert LLP
1095 Avenue of the Americas
New York, NY 10036

Montie Gibson
101 Cahille Drive
Winchester, VA 22602

Recovery Management Systems Corporation
25 SE 2nd Avenue
Suite 1120
Miami, FL 33131

Washington Mutual Bank
7255 Baymeadows Way
Mail Stop JaxB2007
Jacksonville, FL 32256

Evan Wile
Post Office Box 101
Weston, MA 02493

American Express
Post Office Box 7863
Ft. Lauderdale, FL 33329-7863

Paul Morrison, Esq.
Howard Morrison Ross & Whelan
31 Garrett Street
Warrenton, VA 20186

MWG Construction
101 Cahille Drive
Winchester, VA 22602

Quarles Energy Services
12050 Cadet Court
Manassas, VA 20109

Northern Virginia Equine
Stephen E. O'Grady, DVM
Post Office Box 746
Marshall, VA 20115

United Mileage Visa
Post Office Box 15153
Wilmington, DE 19886

Fauquier County Treasurer
Post Office Box 677
Warrenton, VA 20188-0677

Chase Records Center
Mail Code LA4-5555
700 Kansas Lane
Monroe, LA 71203

Brooks Brothers
Master Card
Post Office Box 960013
Orlando, FL 32896-0013

Valley Drilling Corporation of Virginia
9172 John S. Mosby Highway
Upperville, VA 20184-1723

Office of US Attorney
Robert K. Coulter
Assistant US Attorney
2100 Jamieson Avenue
Alexandria, VA 22314-5702

MCI
Post Office Box 650355
Dallas, TX 75265

Verizon
Post Office Box 660720
Dallas, TX 75266-0720

Virginia Department of Taxation
Legal Unit
Post Office Box 2156
Richmond, VA 23218-2156

Internal Revenue Service
Insolvency Unit
Post Office Box 21126
Philadelphia, PA 19114