**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| DIANE CHERYL SPREADBURY, | ) | Case No. 08-14288-SSM |
| | ) | |
| Debtor(s) | ) | Judge Brian F. Kenney |
| | ) | |

**PARTIAL OBJECTION TO THE CHAPTER 11 TRUSTEE'S AMENDED DISCLOSURE STATEMENT**

This partial objection to the Amended Disclosure Statement of the Chapter 11 Trustee is submitted by the prevailing Plaintiffs and judgment creditors (the "Judgment Creditors") in adversary proceeding 09-1254 herein, captioned <u>Michelle E. Spreadbury, Kathryn Kimbel Spreadbury, Andrew Weston Spreadbury, and Whitney Weston Spreadbury v. Diane Cheryl Spreadbury (Debtor) and Peter Spreadbury</u> (the "Adversary Proceeding").

This objection is filed to seek clarification in the Plan and Disclosure Statement covering certain matters relating to the Adversary Proceeding, the resulting judgment, and the rights of the Judgment Creditors.

**BACKGROUND**

In the Adversary Proceeding, the Plaintiffs, trust beneficiaries, asserted that Defendants (Debtor and her former husband), trustees, committed a breach of fiduciary duty with respect to trust transactions affecting Plaintiffs' interest in the real property located in

14229763

Fauquier County, Virginia, known as Westbury Farm (the Trustee refers to this property as "Atoka Road" and we will do the same). Plaintiffs alleged and ultimately proved that, through a series of self-dealing transactions, the Defendants transferred the beneficial interest in Atoka Road from an irrevocable trust in which the Plaintiffs had an interest (the "Children's Trust"), to a trust for the Defendants' benefit in which Plaintiffs had no interest and for less than adequate consideration.

Trial in this adversary proceeding was conducted from April 26-28, 2010. Following trial, the Court (Mitchell, J.) issued its findings of fact and conclusions of law at a hearing on May 20, 2010. With regard to the merits of the Plaintiffs' claim, the Court "concluded[d] that the debtor and Mr. Spreadbury violated their fiduciary duty to the [Plaintiffs] by selling the beneficial interest in the property for less than fair and adequate consideration." May 20, 2010 Tr. at 23:12-15.

As for a remedy, the Court determined that a constructive trust should be imposed in favor of the Children's Trust in an amount equal to the value of Atoka Road in 1999. Also at the May 20, 2010 hearing, the Court held that, applying Connecticut law, it would award reasonable attorneys' fees to plaintiffs. May 20, 2010 Tr. at 24; *see also* Transcript of June 22, 2010 Fee Hearing at 17:21-25 (holding that "under Connecticut law where there's been a breach of fiduciary duty and litigation is brought . . . the Plaintiffs are entitled to attorney fees as part of their damages in order that they're made whole."); *Mangiante v. Niemiec*, 98 Conn. App. 567, 910 A.2d 235 (2006); *Palmer v. Hartford Nat'l Bank & Trust Co.*, 160 Conn. 415, 279 A.2d 726 (1971).

Upon Plaintiffs' fee application and further briefing and argument, on June 25, 2010, the Court entered its Final Order and Judgment, which imposed a constructive trust on Atoka Road in the amount of $2,256,000 and, in accordance with the Court's determinations at the June 22, 2010 hearing, awarded Plaintiffs attorneys' fees and expenses in the amount of $416,252.50. See Final Order and Judgment, Adversary Proceeding Docket No. 38 (the "Judgment").

Mr. Spreadbury subsequently moved to amend the Court's findings of facts and conclusions of law and to amend the final judgment. That motion was fully briefed, a hearing was held on July 20, 2010, and on July 27, 2010, this Court declined to amend the final judgment and issued its Memorandum Opinion and Order Denying Motion to Amend Findings. Adversary Proceeding Docket No. 45.

## DISCLOSURE OBJECTIONS

The adversary proceeding plaintiffs seek clarification of the following issues in the Disclosure:

**The Class 2(b) Disclosure**

The Trustee correctly indicates in the proposed Amended Disclosure Statement and proposed Amended Plan that the constructive trust portion of the Judgment, $2,256,000, is an unimpaired secured claim that will be paid in full. Amended Disclosure at 13; Amended Plan at 8-9. However, the documents also reference "an agreed carve-out in the amount of $350,000 to satisfy Administrative Expense claims." Id. In discussions concerning this objection, the Trustee has agreed to strike this reference to the "carve-out" for the reasons described below. The agreement that the Trustee is referencing, the March 14, 2010

3

"Spreadbury-Trustee's Marketing and Term Sheet, was executed by the Trustee, counsel for Peter Spreadbury, counsel for Diane Cheryl Spreadbury, and counsel for the adversary proceeding plaintiffs. Docket No. 171 (the agreement was filed as an exhibit to the Trustee's motion to sell the debtor's real estate.)

The agreement was executed prior to trial and judgment in the Adversary Proceeding to enable the Trustee to market and sell the Atoka Road property notwithstanding the then-pending adversary proceeding concerning the property. The agreement provides that "[i]f the sale of the property occurs before a non-appealable final order is entered resolving the Adversary Proceeding, the Trustee will escrow the proceeds of sale minus the amounts required to pay the mortgage in full, the costs of sale and $350,000." Exhibit A at 1.

In sum, the $350,000 "carve-out" or allowance never came into existence because "a non-appealable final order" was entered in the Adversary Proceeding long prior to the sale of the Atoka Road property. Thus the ""carve out" references should be deleted.

**The Attorneys' Fees Judgment Disclosure**

The Trustee's proposed Amended Disclosure includes further disclosure that, in addition to the secured $2,256,000 constructive trust award, the adversary proceeding plaintiffs' Judgment includes a money judgment, joint and several, against the debtor and Peter Spreadbury for $416,252.50. See Amended Disclosure at 2, 9. Further, the proposed Disclosure indicates that the Trustee has been served with levy of execution against the proceeds of the sale of Atoka Road to the extent such proceeds would otherwise be paid to Peter Spreadbury. See Adversary Proceeding Docket Nos. 65 and 66 (Writ of Execution to

4

the U.S. Marshal and Process Return of Deputy U.S. Marshal).  Such proceeds otherwise due to Peter Spreadbury are sufficient, based on a review of the Proposed Disclosure, to pay the $416,252.50 Judgment with interest in full.  Thus, the adversary proceeding plaintiffs submit that the Disclosure should include a statement that the $416,252.50 award in the Judgment will be paid in full from the proceeds of the sale of the debtor's property to the extent such proceeds would otherwise be property of Peter Spreadbury.  As a result of such levy and satisfaction, Peter Spreadbury will presumably have an allowed claim against the debtors' estate for contribution in the amount of half of the money judgment amount, i.e., $208,126.25.

## Conclusion

Based on the foregoing, Plaintiffs respectfully seek clarification in the Plan and Disclosure Statement concerning the foregoing points.

Date:   October 6, 2011

*/s/ Karen M. Kennedy*

Karen M. Kennedy, Esq. (VSB No. 18559)
Karen M. Kennedy & Associates
P.O. Box 2215
Middleburg, VA 20118
Tel: (540) 253-9880
Fax: (540) 253-5789
kkmiddleburg@aol.com

*/s/ Gary J. Mennitt*

    Gary J. Mennitt, Esq. (*pro hac vice*)
    Dechert LLP
    1095 Avenue of the Americas
    New York, NY 10036-6797
    Tel.: (212) 698-3500
    Fax: (212) 698-3599
    gary.mennitt@dechert.com